Houston, Special J.,
delivered the opinion of the court.
This is an action of detinue for a negro slave named Jeff. Mary Lawrence was the owner of a life estate in the slave, and "William Lawrence was the owner of the remainder. He was in the possession of William Lawrence at the time and before the suit was brought. A demand was made for the slave, but the plaintiff in error refused to deliver him up.
On the trial before the jury, William Lawrence proposed to prove that Mary Lawrence, in October, 1847, about two years before the institution of the suit, “surrendered, and gave up, by parol gift, her life estate in the slave to him, freely and voluntarily.”
The court excluded the proof, and the jury found a verdict for Mary Lawrence. There was a motion for a new trial, and a motion in arrest of judgment; both of which motions were overruled, and to reverse the judgment, an appeal was taken to this court.
Tire only question presented is, whether a parol gift of a life estate in a slave, by the tenant for life, to the remainder-man, and accompanied by the possession, is valid between the parties under the act of 1831, chap. 90, § 12. This court has decided, that a parol gift of a *143 slave, by one wbo owns the entire interest, is void as between tbe donor and the donee. Such is the plain meaning of the act of 1831; such is its policy, and such is the construction given by the court of North Carolina to a similar statute; Neely vs. Wood, 10 Yer. 486. Before the passage of this act, creditors were amply protected, and its object was, to protect the pretended donor from having his slaves taken from him by parol gifts, proved by the false swearing of witnesses. And all the reasons that can be offered in favor of the donor of the entire estate in a slave in such cases, and every consideration of sound policy apply with equal force, if not with greater force, to the donor of the life estate. The tenant for life is at least the temporary owner of the slave; this ownership may embrace the entire interest, or continue during the life of the slave; he may sell to a stranger, or make a gift of his interest, and deliver possession. The value of his interest may be equal to half, or more than half the value of the slave, as in this case it was found by the jury that the life estate of Mary Lawrence was worth four hundred dollars, the slave being worth about eight hundred dollars. Moreover, in perhaps a majority of the cases, the tenants for life are old women with little knowledge of, or ability to protect their rights, having no absolute estate in any kind of property; and in this case it appears that Mary Lawrence is 87 years of age, and the plaintiff in error, himself, offered to prove that she had made similar gifts of her life estate in all her other negroes, to her children, who owned the remainder; she having no other property in her own right, and leaving herself entirely destitute of the means of support. We can see no reason why the act of 1831 should not extend to this case; *144 and we are satisfied that such, should be its construetion. Ve therefore aflSrm the judgment of the circuit court.